## WILLIAM L. SUPPLEE, ADMINISTRATOR, *vs.* RUSSELL L. HALL ET AL.

Third Judicial District, Bridgeport, April Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

As tending to prove that a mortgage by an alleged insolvent debtor was
in fraud of his creditors, evidence that upon the following day he
transferred substantially all of his property to his son, without
consideration, is admissible.

The seal of secrecy placed upon consultations of counsel and client
cannot be broken merely for the purpose of showing that the client
contemplated doing something that might render him liable to a
civil action for fraud, or for the purpose of contradicting testimony
already given by the client.

In the present case the insolvent debtor testified that on the day after
the mortgage he handed certain stock to his attorney to pay some
of his creditors. *Held* that the attorney could not be compelled to
testify whether he received such stock, or what information came
to him through the insolvent's declarations and by the inspection
of the papers so delivered.

An insolvent is a competent witness as to his knowledge of his own in-
solvency at the time of making the conveyance in question. Any
inference, arising from the events of the trial or otherwise, that he
is acting in collusion with the adverse party, affects the weight but
not the admissibility of such testimony.

Argued April 17th–decided June 6th, 1902.

ACTION to foreclose a mortgage of certain real estate,
brought to the Superior Court in Fairfield County and tried
to the court, *Robinson, J.;* facts found and judgment ren-
dered setting aside the mortgage upon the ground that it had
been given in fraud of the creditors of the mortgagor, as
claimed by the latter's trustee in insolvency, and appeal by
the plaintiff for alleged errors in the rulings of the court.
*No error.*

After the action was commenced the plaintiff died, and
William L. Supplee, as administrator on his estate, entered
and prosecuted the action.

The complaint makes a number of persons parties defend-
ant, besides Russell L. Hall, mortgagor.

The defendant Winthrop H. Perry, as trustee upon the insolvent estate of Russell L. Hall, appeared and filed an answer and counterclaim setting up the invalidity of said mortgage, because it was a transfer of property by one in failing circumstances, with a view to insolvency, made within sixty days before the commencement of insolvency proceedings against him, and claimed affirmative relief.

Trial was had upon the issues raised by denial of all material allegations of this answer and counterclaim. The court (*Robinson, J.*) found the issues for the defendant Perry, as trustee aforesaid, adjudged the mortgage to be void, and ordered it to be discharged of record by the plaintiff.

It appears from the finding that the mortgage was executed on December 8th, 1897, and within sixty days before the insolvency proceedings against the defendant Russell L. Hall, in which the defendant Perry was appointed trustee; that the mortgage was given to secure an overdue note for the sum of $5,000 held by the plaintiff, dated June 5th, 1897, payable four months after date to one Francis C. Grable; that prior to said December 8th, said Hall and Grable had been jointly interested in a mining venture, and Hall had made and delivered to Grable his negotiable promissory notes amounting in the aggregate to $100,000; that these notes were given for Grable's accommodation in carrying on his enterprises and were by him indorsed to various persons for discount; that some of them were issued by Hall in the expectation they would be used by Grable in the renewal of other notes; that Hall had also executed to Grable two notes of $5,000 each, in payment of mining stock purchased by him, on which was outstanding and unpaid on said December 8th about $7,000; that on said December 8th Hall had overdrawn his bank account to the amount of $1,500, and was indebted to other persons to the amount of $16,000, and was indebted to said Grable and others to the amount of at least $117,000, and that his said assets did not exceed in value $30,000; that a part of his assets was the land described in said mortgage, which land was reasonably worth about $6,000; that on said December 8th said Hall was in failing circumstances and

knew that insolvency, voluntary or involuntary, was certain, and executed said mortgage in expectation of such insolvency.

The errors upon which the appellant relies as ground for a new trial relate to the rulings of the court in respect to the admission of evidence, and are stated in the third, fifth, and sixth reasons of appeal, as follows: (3) " The court erred and mistook the law, and its rulings adverse to the appellant, in admitting as a part of the case of said defendant Winthrop H. Perry, trustee, the bill of sale and deeds of real estate from Russell L. Hall to his son, Lewis C. Hall, and in not holding and ruling as requested by the appellant. (5) The court erred and mistook the law in its rulings, adverse to the appellant, as to the testimony of the said witness, George P. Carroll, in reference to the delivery to him by Russell L. Hall of certain mining stock, and in not holding and ruling as requested by the appellant, and in holding and deciding that said transaction constituted a privileged communication between said Carroll and said Hall. (6) The court erred and mistook the law in ruling adversely to the claims of the appellant as to the testimony of said Russell L. Hall as a witness for the defendant Perry, in reference to his insolvency on the 8th day of December, 1897, and in admitting the questions of said Hall as detailed in said finding."

*Louis K. Gould* and *Stiles Judson, Jr.,* for the appellant (plaintiff).

*George P. Carroll* and *Edwin F. Hall,* for the appellees (defendants).

HAMERSLEY, J.   So far as the alleged errors are concerned, the trial before the Superior Court may be regarded as if had upon an action by Perry, trustee in insolvency, against Supplee, to set aside the mortgage made to him by the insolvent debtor, Hall, within sixty days before the commencement of the insolvency proceedings.   We do not think any one of the errors assigned furnishes ground for a new trial.

The only questions requiring notice are those raised by the third, fifth and sixth assignments of error, to the consideration of which counsel for Supplee very properly confined his brief and argument.

As to the third assignment of error, it appears that on the day following the execution of the mortgage in question, Russell L. Hall gave to his son a bill of sale of all his interest in the stock of goods in his store and also conveyed to him certain land ; that these conveyances were voluntary and without consideration, and that the deeds of land covered the equities in the land mortgaged to Supplee, and all of the other real estate in this State belonging to said Russell L. Hall, excepting one piece which he had transferred to another person to secure an outstanding debt.

The trustee offered these transfers in evidence. Counsel for Supplee objected on the ground that they were acts subsequent to the mortgage. The court admitted the evidence as tending to show what said Hall's intention was on December 8th with reference to the mortgage transaction.

There is no error in this. The fact, unexplained, that a man in failing circumstances who transfers property to secure an existing debt without new consideration, also, on the day following that transfer, substantially strips himself of all his visible property by voluntary conveyances to his son, certainly tends to show that the transfer to his creditor was made with a view to insolvency. The possibility that such voluntary conveyances may be so explained as to destroy any apparent probative force, does not make them irrelevant when unexplained. A single transfer to prefer one creditor, by a debtor hopelessly insolvent, necessarily carries some implication that it is made with a view to insolvency ; a series of transfers for the same purpose, and of voluntary conveyances made within a period of one or two days, by which most of the debtor's assets are exhausted, clearly strengthens such implication as to each.

The fifth assignment of error purports to specify error in the exclusion of the testimony of the witness Carroll, in

reference to an alleged delivery to him by Russell L. Hall of certain mining stock.

The court has made no finding of its rulings excluding such testimony, except as they may be gathered from a statement of what took place in court (apparently an excerpt from the stenographer's notes), containing questions put to the witness and his answers, remarks of counsel to each other and to the court, and remarks by the court to the counsel and to the witness. The only questions which the court appears to have excluded are these: (1) "Did he (Russell L. Hall) deliver to you on or about that date (December 9th), subsequent to December 8th, mining stock?" (2) "Will you state whether on December 9th, or thereabouts, Mr. Hall delivered mining stock to you for the purpose of having the same delivered to his son?"

Hall had been used by the trustee as a witness to prove the amount and values of property owned by him when he executed the mortgage of December 8th, and in cross-examination by counsel for Supplee had testified that he owned on that day mining stock which he had omitted to mention on his direct-examination; that he could not remember the name of the company or the number of shares of this stock which he then held, and that he did not know and had never inquired whether these shares were still in Mr. Carroll's possession or not, but that he did not think they were.

Supplee's counsel claimed that such delivery to Carroll was without consideration, and thereupon called Carroll as a witness in rebuttal. The witness was first asked if Hall had delivered and transferred to him certain mining stock owned by Hall, and the witness replied that so far as the transfer was concerned he had not received any transfer of any stock. He was then asked the question: "Did he deliver to you mining stock?" He declined to answer, because "any information I have on that matter, any papers I may have, I received in a professional capacity."

The question was claimed for the purpose of showing that in this manner Hall secreted property from his creditors.

The court found that any paper the witness may have received was received in his professional capacity while as counsel advising his client, and said that inquiries as to what took place between them as counsel and client, whether acts or declarations, should not be permitted. The question was further insisted upon, because Hall had testified that he had handed the stock to Carroll for the purpose of paying certain of his creditors, and that Carroll's answer would affect the credibility of Hall by showing that statement of his to be false; but the court declined to allow this to be done through testimony of Mr. Hall's attorney, as to what took place between himself and his client on the occasion named, and held that what so took place should be treated as a privileged matter. Thereupon the court sustained the objection to the question, and exception was duly taken.

There is no error in this. There seems to have been some unnecessary misunderstanding between counsel as to the meaning of the question put. If it were a mere inquiry of Carroll, whether he had in his possession, at the time mentioned, certificates of stock belonging to Hall, it might well have been admitted; but its exclusion, if that were its meaning, did not injure Supplee, unless involving the exclusion of further inquiries. We think this was fairly involved, and that the ruling of the court excluded inquiries of the witness as to information which came to him through inspection of papers left with him by Hall, and declarations made by Hall, on the ground that he received the papers and heard the declarations while engaged in professional consultation with his client. We see nothing in the circumstances disclosed by the record that justifies us in finding that the trial court erred in holding that information thus obtained is within the privilege of counsel and client.

It is true that in certain cases apparent invasions of professional confidences have been permitted, as where certain inquiries have been allowed for the purpose of identifying documents traced to the possession of counsel, or where declarations are made to counsel in respect to the commission of some intended crime; but in this case inquiries into the

confidential relation of counsel and client were pressed for
the purpose of proving that the client contemplated some
conduct which might render him liable to a civil action by
reason of actual or constructive fraud, and for the purpose of
contradicting testimony that had been given by the client.
The seal placed upon the consultations of counsel and client
cannot be broken for such purposes.  *State* v. *Barrows*, 52
Conn. 323, 324.

The sixth assignment does not clearly specify any partic-
ular error.  Apparently the error intended to be assigned is
the admission of the testimony of the insolvent, Hall, that at
the time he made the transfer in question he regarded him-
self as being in failing circumstances.  His knowledge of
his own condition, as well as the fact of actual insolvency,
was in issue, and no testimony could well be more relevant
than that of the insolvent himself.  If, as claimed by Sup-
plee's counsel, the events of the trial indicated that Hall
was acting in collusion with the trustee, such inference, if
reasonable, might go far toward destroying the weight of his
testimony, but could not render it irrelevant.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.