[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: SHOW CAUSE TO COMPEL PRODUCTION
The plaintiff seeks to compel the production of certain documents in the possession of Mr. Martin Stillman, an attorney and consultant retained by the defendant City of Waterbury to testify at an administrative hearing. Mr. Stillman has refused to turn over to the plaintiff his notes that were taken when conferring with the Mayor or other municipal employees. The City claims these notes are work product and are privileged.
All materials used by Mr. Stillman in formulating his opinions and expert testimony are not privileged and must be disclosed to the plaintiff. Murchie v. Hurwitz,6 Conn. L. Rptr. 300
(1992). This material was disclosed to the plaintiff. Notes made at meetings when he was alone with his client, however were not disclosed.
Expert witnesses, whether attorney or layman, are not required to turn over mental impressions, conclusions. opinions, or legal theories concerning the litigation. Connecticut Practice Book Sec. 13-3 (a). The material the plaintiff seeks is not discoverable from any representative of the defendant.
Mr. Stillman, an attorney, was also retained in his professional capacity. Clearly notes made when he was alone with his client are protected by the attorney/client privilege. Statev. Cascone 195 Conn. 183, 185 (1985); Tait and LaPlante, Handbookon Connecticut Evidence Section 12.5.3.(b), p. 444. The plaintiff also argues that even if these notes were made between attorney and client, they should be disclosed under the crime-fraud exception. Plaintiff asks that the court ignore the present law in Connecticut which does not apply this exception in civil fraud cases. Supplee v. Hall, 75 Conn. 17, 23 (1902). There has been no showing that the City was engaged in criminal or fraudulent conduct. In any event, this Court can not and will not CT Page 8114 extend this exception as the plaintiff suggests.
Accordingly, the plaintiff's request to compel production is denied.
PELLEGRINO, J.